# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* C.C.

**No. 25-270** (Wood County CC-54-2023-JA-223)

## MEMORANDUM DECISION

Petitioner Mother F.H.[1] appeals the Circuit Court of Wood County's April 7, 2025, order terminating her parental, custodial, and guardianship rights to the child, arguing that the court erred in doing so because she remedied the conditions of abuse and neglect.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2023, the DHS filed a petition alleging that the petitioner and the child's father abused and neglected the child by engaging in domestic violence in his presence. The DHS alleged that the father had an outstanding warrant for domestic battery and violating a protective order, the petitioner being the victim.

In October 2023, the circuit court held an adjudicatory hearing where the petitioner stipulated to engaging in domestic violence with the father in front of the child and requested an improvement period. Thus, the court adjudicated her of abusing and neglecting the child and granted her a six-month post-adjudicatory improvement period. The terms of her improvement period included that, among other things, the petitioner participate in domestic violence services, therapy, adult life skills and parenting services, and undergo a psychological evaluation. At an April 2024 hearing, the court noted that the petitioner's improvement period naturally expired and set the matter for disposition. Before the dispositional hearing in June 2024, the petitioner filed a motion for a post-dispositional improvement period, which the circuit court granted, imposing the same terms and conditions as her prior improvement period. Furthermore, as an additional condition and, in light of the termination of the father's parental rights, the court ordered that the petitioner have "no contact, direct or indirect" with the father.

At a January 2025 review hearing, the DHS requested that visitation cease due to the petitioner's dishonesty and continued contact with the father. Additionally, the DHS proffered that

---

[1] The petitioner appears by counsel Wells H. Dillon. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Courtney L. Ahlborn appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

the petitioner's post-dispositional improvement period had expired. Accordingly, the court ordered that visitation cease and set the matter for disposition.

In March 2025, the court held a final dispositional hearing at which the DHS presented video and photo evidence of the petitioner and the father together on two occasions. The petitioner testified and admitted that that these encounters occurred but claimed they were coincidental. The petitioner further admitted that she was dishonest about her relationship with the father when she testified at a previous hearing. In the resulting order, the court found that "[d]espite repeated instructions to stay away" from the father, the petitioner maintained contact and "testified falsely" regarding her contact with him. Specifically, the court found that the petitioner had contact with the father at least twice during her post-dispositional improvement period—once while at a baptism ceremony and again at a different church event—in direct defiance of the court's order issued merely days before these events. The court opined that these encounters did not appear to be coincidental, despite the petitioner's claims otherwise. The court explained that the petitioner's improvement period was unsuccessful due to her failure to cooperate with court orders. As such, the court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Noting the child's need for continuity of care and caretakers, as well as the time needed to integrate the child into a stable and permanent home, the court found that the child's welfare necessitated termination of the petitioner's parental, custodial, and guardianship rights and, ultimately, terminated the same.[3] It is from this order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by terminating her parental, custodial, and guardianship rights because she remedied the conditions of abuse and neglect by participating in services, not living with the father, and refraining from engaging in any additional domestic violence during the proceedings.[4] While the petitioner claims to have successfully completed her post-dispositional improvement period, she ignores that the terms thereof required that she have "no contact, direct or indirect" with the father. We have explained that a parent's failure to participate in an improvement period is "a statutorily-recognized basis upon which this Court regularly affirms termination of . . . rights." *In re K.L.*, 247 W. Va. 657, 666–67, 885 S.E.2d 595, 604–05 (2022); *see* W. Va. Code § 49-4-604(c)(6) and (d)(3) (permitting termination of parental, custodial, and guardianship rights where "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in

---

[3] The father's parental rights were terminated. The permanency plan for the child is adoption in the current placement.

[4] The petitioner briefly argues that "in some sense" the court's dispositional order "infringe[d] on the free exercise of [her] constitutional rights under the first amendment." However, we decline to consider this argument because she provides no supporting explanation, authority, or citations to the appendix record. *See* W. Va. R. App. P. 10(c)(7) ("The brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . .").

the near future," which includes when the parent fails to "respond[] to or follow[] through with a reasonable family case plan or other rehabilitative efforts"). Here, the issue to be addressed via the petitioner's two improvement periods was her participation in domestic violence. While the petitioner participated in services, the court found that she continued to associate with the father—whose participation in domestic violence prompted the filing of the initial petition and whose parental rights to the child were terminated on this basis—and admitted to falsely testifying as to her relationship with him. The court's findings are supported by the record. Notably, the petitioner does not dispute having continued contact with the father despite her notice that she refrain from doing so. Accordingly, the court correctly determined that the petitioner did not successfully satisfy the conditions of her improvement period to warrant the return of the child—a decision wholly within its discretion. *See* Syl. Pt. 6, *In re Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991) ("At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall . . . determine whether the conditions of the improvement period have been satisfied . . . to justify the return of the child."). Furthermore, the petitioner's failure to respond to services supports the court's conclusion that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Moreover, the child's need for continuity of care and caretakers, as well as the time needed to integrate the child into a stable and permanent home supported the court's finding that the child's welfare necessitated termination of the petitioner's parental, custodial, and guardianship rights. Courts are permitted to terminate such rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6). As such, the court did not err, and the petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 7, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

3